IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-783-GMS |
| | ) |
| KENT A. JORDAN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**I.   BACKGROUND**

Plaintiff Gbeke Michael Awala ("Awala"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights . Awala proceeds *pro se* and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1, 2.) He is currently an inmate at the Federal Detention Center in Philadelphia, Pennsylvania.

On January 3, 2006, the court denied Awala's motion for leave to proceed *in forma pauperis* on the basis that Awala had three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. (D.I. 2, 3); *see* 28 U.S.C. § 1915(g). Since that time Awala has filed a number of motions including three motions to supplement his complaint. (D.I. 3, 6, 8.) He also filed a motion for reconsideration of the court's entry of the "three strikes" order denying him leave to proceed *in forma pauperis* and requiring him to pay the $250.00 filing fee. (D.I. 7.) His last filing was a motion to voluntarily dismiss the case pursuant to Fed. R. Civ. P. 41(a)(1). (D.I. 9.) In that motion he also requested attorney's fees.

## II. ANALYSIS

### A. Motion for Reconsideration

Awala moves for reconsideration of the motion denying him leave to proceed *in forma pauperis* on the basis that he is in imminent danger. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.; Dasilva v. Esmor Corr. Services, Inc.*, Nos. 03-3095, 03-3348, 03-4435, 05-4007, 03-3096, 2006 WL 197610, at *3 (3d Cir. Jan 27, 2006).

A plaintiff may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). Awala fails to demonstrate any danger of physical injury in his present motion, and more important, at the time he filed his complaint he made no allegations of the threat of "imminent danger of serious physical injury." His imminent danger claim appears to be nothing more than an attempt to circumvent the "three strikes" rule. The motion for reconsideration, therefore, is denied.

### B. Voluntary Dismissal

On February 6, 2006, Awala filed a pleading entitled "Motion to Dismiss Action Alleging Constitutional Violation". (D.I. 9.) In the body of the motion he moves the court "to end, close,

[and] dismiss the above civil action pursuant to Fed. R. Civ. P. 41(a)(1)." Pursuant to Fed.R.Civ.P. 41(a)(1), a plaintiff has the right to voluntarily dismiss an individual action without leave of the court by filing a notice of dismissal at any time prior to a defendant's filing of an answer or motion for summary judgment. In this case there has been no service of the complaint. The motion to voluntarily dismiss (D.I. 9) is granted.

In the same motion Awala also seeks attorney's fees as allowed in § 1983 cases. Section 1988(b) permits a court "in its discretion to award "a reasonable attorney's fee" to the prevailing party in an action brought under § 1983. 42 U.S.C. § 1988(b). A *pro se* litigant, however, is not entitled to attorney fees under the Civil Rights Attorney's Fees Award Act. *Pitts v. Vaughn*, 679 F.2d 311, 313 (3d Cir. 1982). The request for attorneys' fees is denied.

### C. Motions to Amend/Supplement

Awala has chosen to voluntarily dismiss this case. Therefore, the pending motions to amend/supplement the complaint (D.I. 3, 6, 8) are denied as moot.

## III. CONCLUSION

NOW THEREFORE, at Wilmington this 31st day of March, 2006, IT IS HEREBY ORDERED that:

1. The motion for reconsideration (D.I. 7) is DENIED.

2. The motion to voluntarily dismiss the case pursuant to Fed. R. Civ. P. 41(a)(1) is GRANTED, and this case is DISMISSED.

3. The request for attorneys' fees is DENIED.

4. The motions to amend/supplement the complaint (D.I. 3, 6, 8) are DENIED as moot.

IT IS FURTHER ORDERED that the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3).

_____
UNITED STATES DISTRICT JUDGE